1

ROB BONTA
Attorney General of California

2

SARA J. DRAKE
Senior Assistant Attorney General

3

T. MICHELLE LAIRD
Supervising Deputy Attorney General

4

JEREMY STEVENS, State Bar No. 313883
TIMOTHY M. MUSCAT, State Bar No. 148944

5

Deputy Attorney General
   1300 I Street, Suite 125

6

   P.O. Box 944255
   Sacramento, CA 94244-2550

7

   Telephone:  (916) 210-7779
   Fax:  (916) 323-2319

8

   E-mail:  Timothy.Muscat@doj.ca.gov
*Attorneys for Defendants*

9

10

LAW OFFICE OF FRANK LAWRENCE
FRANK LAWRENCE, State Bar No. 147531
ZEHAVA ZEVIT, State Bar No. 230600

11

   578 Sutton Way, No. 246
   Grass Valley, CA  95945

12

   Telephone:  (530) 362-8434
   E-mail:  Frank@FrankLawrence.com

13

*Attorneys for Plaintiff*

14

15

IN THE UNITED STATES DISTRICT COURT

16

FOR THE EASTERN DISTRICT OF CALIFORNIA

17

18

**BISHOP PAIUTE TRIBE, a federally recognized Indian tribal government,**

1:20-CV-01318-AWI-SKO

19

**STIPULATION FOR GRANTING SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR AND ORDER REQUIRING PARTIES TO PROCEED TO THE REMEDIAL PROCESS IN 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii)**

Plaintiff,

20

21

v.

22

**GAVIN NEWSOM, Governor of the State of California, and the STATE OF CALIFORNIA,**

23

24

Defendants.

25

26

27

28

1

1    On July 28, 2022, the Ninth Circuit issued its published decision in *Chicken Ranch*

2  *Rancheria of Me-Wuk Indians v. California* (*Chicken Ranch*), 42 F.4th 1024 (9th Cir 2022).  That

3  case involved whether the State of California (State) had failed to negotiate in good faith with

4  five California tribes seeking new tribal-state compacts required by the Indian Gaming

5  Regulatory Act (IGRA), 25 U.S.C. §§ 2710-2712, 18 U.S.C. §§ 1166-1167, in order for the tribes

6  to conduct what IGRA defines as "class III gaming."  The court held that "IGRA strictly limits

7  the topics that states may include in tribal-state Class III compacts to those directly related to the

8  operation of gaming activities." *Chicken Ranch*, 42 F.4th at 1029.

9    The *Chicken Ranch* court ruled that the State failed to engage in good-faith negotiations

10  with five plaintiff tribes under IGRA by insisting on provisions not directly related to the

11  operation of class III gaming activities.  The specific provisions addressed by the Ninth Circuit

12  concerned tribal recognition of spousal and child support orders for all gaming facility

13  employees, environmental review and mitigation for a broadly defined set of projects, and broad

14  tort claims coverage. *Chicken Ranch,* 42 F.4th at 1037-39.  The court held that under 25 U.S.C.

15  § 2710(d)(3)(C)(vii), "these family, environmental, and tort law provisions are not 'directly

16  related to the operation of gaming activities.'" *Id.* at 1038.

17    Similar to the plaintiff tribes in *Chicken Ranch*, plaintiff Bishop Paiute Tribe, a federally

18  recognized Indian tribe (Bishop), is a former member of the Compact Tribes Steering Committee

19  (CTSC).  On August 19, 2014, the CTSC, a coalition of twenty-eight federally recognized

20  California Indian tribes, wrote to inform the State of CTSC's formation and its desire to begin the

21  negotiation process for new class III gaming compacts.  Bishop was a member of CTSC in 2014,

22  and remained a member until July 6, 2020.  As such, Bishop shares the same record of

23  negotiations (RON) with the plaintiff tribes in *Chicken Ranch* from August 19, 2014, through

24  July 6, 2020.

25    Bishop withdrew from negotiations with the State and filed its Complaint for Declaratory

26  and Injunctive Relief (Complaint) on September 15, 2020. (Doc. 1.)  The Complaint's claim for

27  relief alleged that the State failed in its duty to negotiate in good faith under IGRA.  (*Id.* at 18-

28  37.)  Regarding this claim in Bishop's Complaint, on June 15, 2021, Bishop and the State and

2

1    Governor Gavin Newsom (State Defendants) filed cross-motions for summary judgment.  (Docs.

2    21 & 22.)  In these motions, the parties disputed whether the State failed in its duty under IGRA

3    to negotiate in good faith.  These motions included disputes over whether the State's proposed

4    provisions regarding tort liability and remedies (Complaint, Count Eight), tribal recognition of

5    employee spousal and child support orders (Complaint, Count Ten), and environmental review

6    and mitigation (Complaint, Count One), exceeded the permissible scope of negotiations under

7    IGRA, 25 U.S.C. § 2710(d)(3)(C)(i)-(vii), and thus constituted a failure by the State to negotiate

8    in good faith.  In addition, these motions included disputes over other provisions proposed by the

9    State.  Some of those provisions were at issue in *Chicken Ranch* but were not ruled upon by the

10    Ninth Circuit in *Chicken Ranch*, while other provisions were not specifically at issue in *Chicken*

11    *Ranch.*

12      In support of their cross-motions for summary judgment, on June 15, 2021, the parties

13    each filed an identical Joint Statement of Undisputed Facts (JSUF).  (Docs. 21-2 & 22-4.)  The

14    stipulated facts in the JSUF included facts from the RON based upon CTSC compact negotiations

15    over tort claims coverage (JSUF, Nos. 16, 21, 44, 46, 50-51, 58, 99, 108, 146-49, 168, 175, 186 &

16    199), employee spousal and child support orders (JSUF, Nos. 49-52, 101, 158-61, 170 & 172),

17    environmental review and mitigation (JSUF, Nos. 16, 21, 23, 45, 96, 108, 129-33, 164 & 199),

18    and the other provisions at issue in the cross-motions for summary judgment (*e.g.*, JSUF, Nos. 16,

19    21-24, 26, 34, 36, 46-47, 49-52, 56, 58, 60, 65-66, 74, 78 & 101).

20      While Bishop and the State Defendants' cross-motions for summary judgment remain

21    pending before the Court, the Ninth Circuit's *Chicken Ranch* decision resolved the central legal

22    issues under IGRA in these motions – *i.e.,* generally the extent to which 25 U.S.C.

23    § 2710(d)(3)(C)(i)-(vii) limits the permissible scope of compact negotiations and whether the

24    State's insistence on compact provisions concerning tort claims coverage, employee spousal and

25    child support orders, and environmental review and mitigation constituted a failure to negotiate in

26    good faith.

27      Based on *Chicken Ranch's* key holdings, the largely identical RONs in both this case and

28    *Chicken Ranch*, and the parties' JSUFs, the parties now request the Court, pursuant to this

1   stipulation, grant summary judgment in Bishop's favor on its first claim for relief that the State

2   failed to negotiate in good faith as required by IGRA because it sought "to negotiate for compact

3   provisions that fall well outside of IGRA's permissible topics of negotiation," *Chicken Ranch*, 42

4   F.4th at 1040, namely, tribal recognition of state court spousal and child support orders,

5   environmental review and mitigation for a broadly defined set of "projects," and broad tort claims

6   coverage based upon California law, and order the parties to proceed pursuant to the remedial

7   process set forth in IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii).

8   Dated:  December 6, 2022

                                                    Respectfully submitted,
9

10                                                  ROB BONTA
                                                    Attorney General of California
                                                    SARA J. DRAKE
11                                                  Senior Assistant Attorney General
                                                    T. MICHELLE LAIRD
12                                                  Supervising Deputy Attorney General
                                                    JEREMY STEVENS
13                                                  Deputy Attorney General

14                                                      */s/ Timothy M. Muscat*

15                                                  TIMOTHY M. MUSCAT
                                                    Deputy Attorney General
16                                                  *Attorneys for Defendants*

17


18
    Dated:  December 6, 2022                         Respectfully submitted,
19
                                                    LAW OFFICE OF FRANK LAWRENCE
20
                                                        */s/ Frank Lawrence (as authorized on
21                                                         12/6/22)*

22                                                  Frank Lawrence
                                                    Attorneys for Plaintiff
23

24

25

26

27

28
                                                 4

**ORDER**

Based upon the above stipulation by the parties, summary judgment is granted in Bishop's favor on the claim for relief in its Complaint, consistent with the Ninth Circuit's decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California* (*Chicken Ranch*), 42 F.4th 1024 (9th Cir. 2022)*,* and the undisputed facts agreed upon by the parties.

Accordingly, the parties ARE HEREBY ORDERED to proceed pursuant to the remedial process set forth in IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii).

IT IS SO ORDERED.

Dated:   January 26, 2023                               _____

SENIOR  DISTRICT  JUDGE