1  Law Office of Frank Lawrence
Frank Lawrence, CA Bar No. 147531
2  Zehava Zevit, Of Counsel, CA Bar No. 230600
578 Sutton Way, No. 246
3  Grass Valley, CA 95945
Tel.: 530-362-08434
4  Email: frank@franklawrence.com
Email: zehava@franklawrence.com
5
ROB BONTA
6  Attorney General of California
T. MICHELLE LAIRD
7  Acting Senior Assistant Attorney General
TIMOTHY M. MUSCAT, State Bar No. 148944
8  LISA L. FREUND, State Bar No. 249174
NOEL A. FISCHER, State Bar No. 232553
9  Deputy Attorneys General
  600 West Broadway, Suite 1800
10   P.O. Box 85266
  San Diego, CA 92101
11   Telephone:  (619) 738-9133
  Fax:  (619) 645-2271
12   E-mail:  Noel.Fischer@doj.ca.gov
*Attorneys for Defendants*
13

14                    IN THE UNITED STATES DISTRICT COURT

15                  FOR THE EASTERN DISTRICT OF CALIFORNIA

16

17

18  **BISHOP PAIUTE TRIBE, a federally**         1:20-cv-01318-ADA-SKO
    **recognized Indian tribal government,**
                                                 **JOINT STATUS REPORT**
19                                    Plaintiff,

20          **v.**

21

22  **GAVIN NEWSOM, Governor of the State**
    **of California, and the STATE OF**
    **CALIFORNIA,**
23
                                    Defendants.
24

25

26          Pursuant to the parties' Joint Status Report filed on August 3, 2023, the plaintiff Bishop

27  Paiute Tribe ("Tribe") and defendants Governor Gavin Newsom and State of California ("State")

    hereby submit this further Joint Status Report.
28

                                                1

1.   **Procedural History.**  On September 15, 2020, the Tribe filed this lawsuit following

approximately five years of unsuccessful negotiations with the State for a new or amended

tribal-state class III gaming compact ("compact").  The complaint alleged "bad faith"

negotiations by the State, pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. §

2710(d)(7) ("IGRA").  This case and other related bad faith cases trailed the related case

of *Chicken Ranch Rancheria et al. v. Newsom et al.*, 1:19-cv-00024-AWI-SKO.

("*Chicken Ranch*").  The Tribe contends that *Chicken Ranch* raised, in two causes of

action, essentially identical claims as the complaint's single cause of action in this case,

namely, that the State negotiated in bad faith in violation of IGRA by insisting on

including improper subjects of compact negotiations.  The State contends that based on

the fourteen separately pled counts in the Tribe's complaint—compared to the two causes

of action pled in the *Chicken Ranch* complaint—these lawsuits pled overlapping but not

"essentially identical" claims.  The parties concur that *Chicken Ranch* resolved the central

legal issues in this case, based on a largely identical record of negotiations.  In *Chicken

Ranch*, the District Court granted summary judgment for the plaintiff tribes on March 31,

2021 (*see id.*), and the Ninth Circuit affirmed the judgment on July 28, 2022.  *Chicken

Ranch, supra,* 42 F.4th 1024 (9th Cir. 2022).

Based on the Ninth Circuit's decision in *Chicken Ranch*, the parties in this case

stipulated to entry of summary judgment for the Tribe, *see* Docket Entry 53 (12/6/22), and

thereafter the Court entered an order granting summary judgment in the Tribe's favor

"consistent with the Ninth Circuit's decision in *Chicken Ranch Rancheria of Me-Wuk

Indians v. California* (*Chicken Ranch*), 42 F.4th 1024 (9th Cir. 2022), and the undisputed

facts agreed upon by the parties."  *See* Docket Entry 54 (1/27/23) ("Order").  The Order

directed the parties to pursue IGRA's remedial scheme pursuant to 25 U.S.C. §

2710(d)(7)(B)(iii)-(vii).

The parties thereafter engaged in further negotiations pursuant to the Order and 25

U.S.C. § 2710(d)(7)(B)(iii).  That statute provides for a sixty-day period to conclude a

compact.  The parties were not able to conclude a compact during that time period, but

2

1    mutually agreed to continue negotiations for a brief additional period of time in the

2    interest of seeking a negotiated resolution.  The parties exchanged several proposed draft

3    compacts during this period, as well as conducted negotiations.  However, the parties were

4    not able to reach agreement on a compact.

5         Simultaneously, the parties have agreed to extend the term of the Tribe's existing

6    compact from its current expiration date of December 31, 2023, through December 31,

7    2024, which will require approval by the California Legislature.  The parties intended that

8    twelve-month extension to allow sufficient time to either conclude a negotiated compact

9    or otherwise conclude IGRA's remedial process.  As of the date of this filing, the

10   extension has been approved by the Tribe and signed by the Governor, and its ratification

11   has been introduced in the Legislature in AB 1658.  The Senate has completed its required

12   hearing and the Assembly hearing is scheduled for Tuesday, September 5, 2023.  The

13   parties anticipate its passage before the Legislature adjourns on September 14, 2023.

14        Because the parties were unable to reach an agreement, they will move the Court

15   to appoint a mediator, as the Court did in the related *Chicken Ranch* case, pursuant to 25

16   U.S.C. § 2710(d)(7)(B)(iv).  The Tribe has provided the State with a list of potential

17   proposed mediators, and the State is evaluating that list.  The parties will continue to seek

18   to reach agreement on a qualified and available mediator, and report their progress to the

19   Court within thirty days of this filing.  Following the mediator's appointment by this

20   Court, the mediator will then perform his or her duties under 25 U.S.C. §

21   2710(d)(7)(B)(iv-vii) by selecting from the parties' last, best compact offers the compact

22   that best comports with IGRA, the Court's Order, and federal law.  *See id.*  If the State

23   consents to the compact selected by the mediator, that shall be treated as the compact

24   entered into under IGRA, 25 U.S.C. § 2710(d)(3).  *See id.* at § 2710(d)(7)(B)(vi).  If the

25   State does not consent thereto, the Secretary would then promulgate procedures in lieu of

26   a compact.  *See id.* at § 2710(d)(7)(vii).

27

28   2.  **Pending Motions.**  No motions are currently pending.

3

1

2    3.  **Settlement Negotiations.**  *See* discussion *supra* at ¶ 1.  At this time, the parties do not

3         believe a mandatory settlement conference before a Magistrate Judge would be of

4         assistance.  The parties do not consent to conduct further proceedings before a Magistrate

5         Judge.

6

7    Dated: September 5, 2023                          Respectfully submitted,

8                                                      By:  /s/ Frank Lawrence
                                                           Frank Lawrence
9                                                          LAW OFFICE OF FRANK LAWRENCE
                                                           Attorneys for Plaintiff
10

11   Dated: September 5, 2023                          ROB BONTA
                                                       Attorney General of California
12                                                     T. MICHELLE LAIRD
                                                       Acting Senior Assistant Attorney General
13                                                     TIMOTHY M. MUSCAT
                                                       Deputy Attorney General
14                                                     LISA L. FREUND
                                                       Deputy Attorney General
15

16

17                                                     By:  /s/ Noel Fischer
                                                           Noel Fischer
18                                                         Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28

Joint Status Report (1:20-cv-01318-ADA-SKO)